COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

August 4, 2015

A. Thompson Bayliss, Esquire
Sarah E. Hickie, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Johnna M. Darby, Esquire
Hiller & Arban, LLC
1500 North French Street, 2nd Floor
Wilmington, DE 19801

Re: *Capella Holdings, Inc. v. Anderson*
C.A. No. 9809-VCN
Date Submitted: July 30, 2015

Dear Counsel:

In April of this year, the Supreme Court amended its Rule 42 governing interlocutory appeals. The Court emphasized that interlocutory appeals are rare. "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[1]

---

[1] Supr. Ct. R. 42(b)(ii).

Counterclaim and Third-Party Plaintiff James Thomas Anderson ("Anderson") tests this policy with his effort to take an interlocutory appeal from the Court's Letter Opinion and Order of July 8, 2015,[2] which granted in part and denied in part Counterclaim and Third-Party Defendants' (collectively, "Capella") Motion to Dismiss Anderson's claims.[3]

Anderson raises two issues for appeal: a procedural one—the notice pleading standard of *Central Mortgage*;[4]—and a substantive one—the unfair price and process standard of *Weinberger*.[5] No novel or unsettled issue of Delaware law is involved. Anderson does not challenge the law which the Court applied; instead, he contends that the Court was wrong in how the law was applied.

Rule 42(b)(iii) identifies eight factors that should guide the trial court "in deciding whether to certify an interlocutory appeal." Anderson relies upon the last one: an interlocutory appeal "may serve considerations of justice."[6] He argues that

---

[2] *Capella Hldgs., Inc. v. Anderson*, 2015 WL 4238080 (Del. Ch. July 8, 2015).

[3] In addition to Anderson's claims which were not dismissed, claims of Plaintiff also remain for resolution.

[4] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs., LLC*, 27 A.3d 531 (Del. 2011).

[5] *Weinberger v. UOP, Inc.*, 457 A.2d 701 (Del. 1983).

[6] Supr. Ct. R. 42(b)(iii)(H).

an interlocutory appeal would be beneficial to judicial economy by avoiding unnecessary or duplicative discovery and by avoiding disputes over the scope of discovery. In addition, he contends that settlement might be facilitated.

Interlocutory appeals always carry the potential of allowing the judicial process to work more effectively and efficiently. If, to borrow Capella's words describing Anderson's position, "the Court got it wrong,"[7] going forward sooner with claims that might be revived through an appeal could be beneficial.

That, however, is true about any appeal from a partial granting of a motion to dismiss. Because Anderson's analysis would capture so many comparable decisions, it fails to satisfy the principle that interlocutory appeals should be exceptional. Also, no balancing of the real costs of an interlocutory appeal, ranging from delay of proceedings in the trial court to the burden on the Supreme Court of piecemeal review, has been attempted.

In short, the Court can find no issue or reason, consistent with the policies of Rule 42, that would support "appellate review before a final judgment."[8]

---

[7] Countercl. and Third-Party Defs.' Br. in Opp'n to Mot. for Certification of Interlocutory Appeal 17.

[8] Supr. Ct. R. 42(b)(i).

An order refusing to certify Anderson's proposed interlocutory appeal will be entered.

Very truly yours,

*/s/ **John W. Noble***

JWN/cap
cc:    Register in Chancery-K